U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 APR 30 AM 11:58

CLERK

BY  (sgd)
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

VERMONT MUTUAL INSURANCE COMPANY, )
   Plaintiff                                     )
                                           )
          v.                           )     Civil Action No. 2:18-cv-76
                                           )
THE CINCINNATI SPECIALTY               )
UNDERWRITERS INSURANCE COMPANY  )
   Defendant                                 )
                                           )

## COMPLAINT

NOW COMES Plaintiff Vermont Mutual Insurance Company, Inc., by and through its attorneys Ellis Boxer & Blake PLLC, and hereby complains against Defendant The Cincinnati Specialty Underwriters Insurance Company as follows:

### Jurisdiction and Venue

1.    Plaintiff Vermont Mutual Insurance Company (hereinafter "VMIC") is a corporation organized under the laws of the State of Vermont and having its principal place of business in Montpelier, Vermont.

2.    Upon information and belief, Defendant The Cincinnati Specialty Underwriters Insurance Company (hereinafter "Cincinnati") is a corporation organized under the laws of the State of Delaware with a principle place of business in Fairfield, Ohio.

3.    Jurisdiction and Venue lie in the Federal District Court for the District of Vermont, pursuant to 28 USC §2201 and §1332 because diversity of citizenship exists between Plaintiff

and Defendant, and the amount in controversy exceeds $75,000.00. Venue is proper because Plaintiff has its principal place of business in Vermont.

## General Allegations

4. The allegations in the preceding paragraphs are hereby incorporated and re-alleged as if fully set forth.

5. Plaintiff issued a Homeowners Insurance policy #HO17011903 (hereinafter "the VMIC Policy"), attached hereto as Exhibit A, with effective dates 7/31/16 to 7/31/17, to East Montpelier Vermont residents Marcie Hawkins and Scott Hawkins.

6. Defendant issued a "specialty lines" insurance policy to the Department of Children & Family Services Division, policy #CSU0078301 (hereinafter "the Cincinnati Policy"), attached hereto as Exhibit B, with effective dates 12/31/16 to 12/31/17.

7. The Cincinnati Policy identified the Named Insureds as "Licensed Foster Parents of Department for Children & Families, Family Services Division."

8. Upon information and belief, Marcie Hawkins and Scott Hawkins qualify as named insureds pursuant to the terms of the Cincinnati Policy.

9. Upon information and belief on or about July 5, 2017 a child assigned by the State of Vermont's Department of Children and Family Services Division to the care of foster parents Marcie Hawkins and Scott Hawkins, died while in their custody.

10. In September 2017 counsel for the child's mother and sister placed VMIC on notice of a claim arising from the death of the minor foster child.

11. Upon information and belief Cincinnati was also placed on notice of claims arising out of the death of the minor foster child.

12. Both policies contain excess policy language which assert generally that that policy is excess when there is other valid and collectible insurance:

13. Plaintiff's excess clause, titled Section II.8 Other Insurance – Coverage E-Personal Liability reads "This insurance is excess over other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy."

14. Cincinnati's excess clause, Titled Section 4.4 Other Insurance reads " For Coverage Part:

   a. Excess Insurance

   (1) If coverage is provided to any insured under any other valid policy for any loss resulting from any "claim", then this policy will be excess if the amount of any deductibles, retentions and limits of liability under such other policy whether such policy is stated to be primary, contributory, excess, contingent of otherwise, unless such policy is written specifically as excess to this policy by reference of this policy number in such other policy Schedule of Declarations.

   (2) When this insurance is excess, we will have no duty under Coverage A. to defend any insured against any "suit" if any other insurer has a duty to defend that Insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against those other insurers.

   (3) When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

   (i) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

   (ii) The total of all deductibles and self-insured amounts under all that other insurance.

   (4) We will share the remaining loss, if any, with other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

   b. Primary Insurance

> If this insurance is primary, our obligations are not affected unless any other insurance is also primary. Then, we will share with that other insurance by the method described in Paragraph C. below.
>
> c. Method Of Sharing
>
> If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance of none of the loss remains, whichever comes first.
>
> If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit if insurance to the total applicable limits of insurance of all insurers."

15. Plaintiff Vermont Mutual maintains that given the language used in the competing excess policy provisions in each policy, and the facts and circumstances giving rise to the claim, that The Cincinnati Policy provides primary coverage for any and all claims against the Hawkins' arising out of the death of the foster child.

## Count 1

### Declaratory Judgment as to VMIC and Cincinnati

16. The allegations in the preceding paragraphs are hereby incorporated and re-alleged as if fully set forth.

17. Pursuant to 28 USCA 2201(a), Plaintiff demands a declaration that the Cincinnati Policy is primary and the VMIC policy is excess for any and all claims, demands or judgments arising out of the death of the Foster Child.

18. Pursuant to 28 USCA 2201(a), Plaintiff demands a declaration that because it is excess, it is not obligated to afford a defense to the Hawkins' pursuant to the terms of the VMIC policy.

19.     In the alternative, pursuant to 28 USCA 2201(a), Plaintiff demands a declaration that the competing excess clauses in the Cincinnati Policy and the VMIC policy are mutually repugnant and that therefore Plaintiff and Defendant are obligated to pay their pro-rata share based on their policy limits, of the costs of all claims, demands, judgments and costs of defense arising out of the death of the foster child.

Respectfully submitted this 27th day of April, 2018

**ELLIS BOXER & BLAKE PLLC**
Attorneys for Plaintiff

By: _____
Andrew C. Boxer, Esq.
24 Summer Hill Street
P.O. Box 948
Springfield, VT 05156
Telephone: (802) 885-2141
Fax: (802) 885-2131
Email: acboxer@ellisboxer.com