UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2019 FEB 13 PM 2:45
CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| VERMONT MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:18-cv-76 ) |
| CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, | ) ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
(Docs. 15 & 16)

Plaintiff Vermont Mutual Insurance Company brings this action against Defendant Cincinnati Underwriters Specialty Insurance Company seeking a declaratory judgment as to which party is contractually obligated to provide primary coverage for a claim against Marcie and Scott Hawkins (the "Insureds") arising out of the death of a foster child at their East Montpelier, Vermont home.

Pending before the court are Plaintiff's motion for summary judgment (Doc. 15) and Defendant's cross-motion for summary judgment (Doc. 16). Plaintiff asks the court for a declaratory judgment compelling the parties to pay a pro rata share of the claim based on their policy limits. Defendant seeks a declaratory judgment declaring Plaintiff's insurance policy primary coverage and its own policy excess coverage. On this basis, Defendant seeks a further declaration that it has no duty to defend the Insureds. After oral argument on December 28, 2018, the court took the matter under advisement.

## I. The Undisputed Facts.

Plaintiff issued Homeowners Insurance Policy #HO17011903 (the "VMIC Policy") effective from July 31, 2016 through July 31, 2017 to the Insureds. The VMIC Policy contains an excess insurance clause entitled "Other Insurance – Coverage E – Personal Liability" which states: "This insurance is excess over other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy." (Doc. 15-2 at 19.)

Defendant issued "specialty lines" insurance policy #CSU0078301 (the "Cincinnati Policy") to the State of Vermont's Department for Children and Families, Family Services Division, ("DCF") effective from December 31, 2016 through December 31, 2017. The Cincinnati Policy identified the named insured as "Licensed Foster Parents of Department for Children & Families, Family Services Division." (Doc. 15-3 at 2.) The Cincinnati Policy also contains an excess insurance clause entitled "Other Insurance" which states:

> For **Coverage A** of this Coverage Part:
>
> **a. Excess Insurance**
>
> (1) If coverage is provided to any insured under any other valid policy for any loss resulting from any "claim[,"] then this policy will be excess of the amount of any deductibles, retentions and limits of liability under such other policy whether such policy is stated to be primary, contributory, excess, contingent or otherwise, unless such policy is written specifically as excess to this policy by reference of this policy number in such other policy Schedule or Declarations.
>
> (2) When this insurance is excess, we will have no duty under Coverage A to defend any insured against any "suit" if any other insurer has a duty to defend that insured against that "suit[."] If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against those other insurers.
>
> (3) When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:
>
> (i) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

2

> (ii) The total of all deductibles and self-insured amounts under all that other insurance.
>
> (4) We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.
>
> **b. Primary Insurance**
>
> If this insurance is primary, our obligations are not affected unless any other insurance is also primary. Then, we will share with that other insurance by the method described in Paragraph c. below.
>
> **c. Method of Sharing**
>
> If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach, each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.
>
> If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

*Id.* at 28.

On July 5, 2017, a child placed by DCF in the Insureds' care died while at their home. On or about September 2017, counsel for the child's mother and sister placed Plaintiff and Defendant on notice of a claim arising from the death of the minor foster child.

## II. Conclusions of Law and Analysis.

### A. Standard of Review.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' . . . if it 'might affect the outcome of the suit under the governing law.'" *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 39 (2d Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A dispute of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* at 39-40 (quoting *Anderson*, 477 U.S. at 248). The court

"constru[es] the evidence in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in his favor." *McElwee v. Cty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012).

The moving party always "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). When the moving party has carried its burden, its opponent must produce "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "The function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010). In this case, the parties agree that the material facts are undisputed and the question presented by their cross motions is one that may be resolved as a matter of law. *See Aon Corp. v. Hohlweck*, 223 F. Supp. 2d 510, 514 (S.D.N.Y. 2002) (holding that "when the material facts are undisputed, it is appropriate for a [c]ourt to resolve questions of law").

### B. Whether the VMIC Policy and the Cincinnati Policy Contain Mutually Repugnant Excess Insurance Clauses.

It is undisputed that both the VMIC Policy and the Cincinnati Policy contain coincidental excess clauses. *Fireman's Fund Ins. Co. v. CNA Ins. Co.*, 2004 VT 93, ¶ 39, 177 Vt. 215, 235, 862 A.2d 251, 266 (defining coincidental excess insurance as "primary insurance that is rendered excess by operation of a policy provision, like an 'other insurance' clause, in a specific set of circumstances"). At oral argument, the parties also agreed that neither policy was a "true excess policy" requiring the policyholder to obtain primary insurance. *See id.* ("True excess coverage occurs where a single insured has two policies covering the same loss, but one policy is written with the expectation that the primary will conduct all of the investigation, negotiation and defense of claims until its

4

limits are exhausted.") (internal citation omitted). Additionally, Defendant concedes that its policy does not contain an "escape clause." *See* Scott M. Seaman & Jason R. Schulze, *Allocation of Losses in Complex Insurance Coverage Claims* § 5:3(c) (2018) (noting that an escape clause "extinguishes the insurer's liability to the extent of [the] other insurance").

Plaintiff contends that because the VMIC Policy and the Cincinnati Policy contain substantially similar coincidental excess insurance clauses, these clauses are mutually repugnant. On this basis, Plaintiff argues that it is entitled to judgment as a matter of law granting a declaratory judgment obligating Plaintiff and Defendant to pay a pro rata share of the claim based on their respective policy limits.[1]

Defendant argues that the excess insurance clauses set forth in the two policies are not mutually repugnant and that under the terms of the policies Plaintiff is the primary insurer and Defendant is the excess insurer. Because the Cincinnati Policy "contains a comprehensive excess insurance clause that narrowly defines the circumstances in which the policy functions as primary insurance," Defendant contends it does not qualify as "valid and collectible insurance" and Plaintiff's excess clause is not invoked. (Doc. 16 at 10.)

Courts "interpret insurance contracts according to their terms and the intent of the parties as expressed by the policies' language." *Fireman's Fund Ins. Co.*, 2004 VT 93 at ¶ 9, 177 Vt. at 220, 862 A.2d at 256. "'Other insurance' clauses are used by insurers to 'limit an insurer's liability where other insurance may cover the same loss.'" *Id.* ¶ 17 (quoting 15 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* 3d § 219:1 (1999)). "Whether an insurer's 'other insurance' clause will operate in a given situation depends largely on the specific language of the relevant policies." *Id.*

---

[1] In its Complaint, Plaintiff further demanded a declaration that the Cincinnati Policy was primary and the VMIC Policy was excess for any and all claims arising out of the death of the minor foster child. At oral argument, Plaintiff clarified that it had abandoned this demand for purposes of the pending motions for summary judgment.

"[I]f policies have dissimilar 'other insurance' clauses most courts 'attempt to reconcile the clauses in a manner that will give effect to the intent of the parties.'" *Id.* ¶ 23 (citation omitted).[2] Although the excess clause in the Cincinnati Policy contains greater detail, the clauses in both policies state that the insurance coverage they provide is excess over other valid insurance. Minor, non-material differences in language are insignificant if the impact of the policy provisions at issue is the same. *See Am. Cas. Co. of Reading Pa. v. Health Care Indem., Inc.*, 520 F.3d 1131, 1136 (10th Cir. 2008) (noting that courts "look[] to the substance of the policy language, not whether any particular 'magic word' is used" in interpreting competing other insurance clauses). Defendant's observation that the VMIC Policy refers to "valid and collectible insurance" whereas the Cincinnati Policy refers only to "valid" insurance is thus immaterial because the effect of both provisions is to render coverage excess only with regard to insurance written specifically as excess coverage with reference to the policy number. *Compare* Doc. 15-3 at 28 ("this policy will be excess . . . unless such policy is written specifically as excess to this policy by reference of this policy number"), *with* Doc. 15-2 at 19 ("[t]his insurance is excess over other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy").

Because Defendant's policy does not "disclaim[] any and all liability if other insurance is available[,]" but instead provides that it will be "excess" of any other valid policy, it is properly characterized as an excess clause. *Am. Cas. Co. of Reading Pa.*, 520 F.3d at 1136. Because Plaintiff's policy contains fundamentally equivalent language, it requires the same conclusion. As the excess clauses in the two policies cannot be

---

[2] Defendant argues that the policy provisions at issue in this case are analogous to those at issue in *Fireman's Fund Insurance Co.*, compelling a finding that the VMIC Policy and the Cincinnati Policy are reconcilable. In *Fireman's Fund Insurance Co.*, however, the court harmonized an excess insurance clause with a policy that contained no excess clause but rather contained an "other insurance" clause that stated that it was primary for any covered automobile while hired or borrowed by the insured. *Id.* The Vermont Supreme Court found the two clauses could be reconciled, declaring that one policy provided primary coverage while the other policy provided excess coverage. Here, in contrast, both policies contain mutually indistinguishable coincidental excess insurance clauses. *Fireman's Fund Insurance Co.* is thus inapposite.

6

reconciled, they are "mutually repugnant" and thus the "result is that neither is effective and each insurer shares primary coverage." *Fireman's Fund Ins. Co.,* 2004 VT 93 at ¶ 22, 177 Vt. at 226, 862 A.2d at 259-60; *see also Champlain Cas. Co. v. Agency Rent-A-Car, Inc.,* 716 A.2d 810, 814 (Vt. 1998) (stating that "[t]he majority rule is that conflicting excess 'other insurance' clauses are mutually repugnant, and each is void"); *Am. Cas. Co. of Reading Pa.*, 520 F.3d at 1136 (holding that because "[n]either policy has language comparable to what we construed as creating escape clauses" and "both policies provide excess coverage[,]" the clauses must be disregarded and the loss shared by each insurer). Under Vermont law, a pro rata contribution by both insurers is therefore required. *See State Farm Mut. Auto Ins. Co. v. Powers,* 732 A.2d 730, 735 (Vt. 1999) (noting that in "a dispute between multiple insurers all claiming to provide either excess or primary coverage, . . . the coverage would be apportioned among the insurers on a pro rata basis").

## CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's motion for summary judgment (Doc. 15) and DENIES Defendant's cross-motion for summary judgment (Doc. 16). The court hereby declares that Plaintiff and Defendant are each obligated to pay a pro rata share based on their policy limits of the claims arising from the death of the minor child in the Insureds' care.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 13th day of February, 2019.

Christina Reiss, District Judge
United States District Court

7